```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


ALBERT C. DOUGHERTY,
              Plaintiff,

     v.                              CASE NO.  08-3066-SAC

STATE OF KANSAS,
et al.,

              Defendants.
```

## O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by Mr. Dougherty while he was confined in the Wyandotte County Detention Center in Kansas City, Kansas (WCDC). He claimed denial of medical care for several conditions, and sought proper medical treatment and financial compensation for pain, suffering and alleged violation of his constitutional rights.

On July 24, 2008, this court entered a screening Order in which it found that the complaint was subject to being dismissed for several reasons set forth therein. Plaintiff was given time to file a Supplement to his complaint alleging additional facts sufficient to state a federal constitutional claim and show cause why this action should not be dismissed. Plaintiff did not file a Supplement or allege any additional facts. Instead, he sent a letter to the clerk stating he was enclosing "additional evidence" found in his paperwork. That "evidence" attached to his letter is two grievances and a sick call request written after this action was filed, and a letter to the "CCS personel director" from

plaintiff complaining and threatening suit, which is not dated[1].

The court finds that the "response" filed by plaintiff (Doc. 14) together with his updates[2] regarding medical treatment received since the filing of this action (Docs. 17, 18) do not cure the deficiencies in the complaint discussed in the court's Order of July 24, 2008.  For example, plaintiff has not alleged sufficient additional facts to show that he was prescribed any particular treatment or medication as immediately necessary while at the WCDC and that it was denied by a named defendant.  Nor does he allege facts showing his allegations evince anything more than a difference of opinion between jail medical staff and him as to proper treatment; or mere negligent treatment, which must be litigated in state, rather than federal, court.  Moreover, he alleges no facts to show that he suffered any "substantial harm" from the delay in surgery or treatment until it was provided, as he was advised it would be, following his transfer to El Dorado Correctional Facility (EDCF).  As previously noted, plaintiff's allegations as a whole indicate he was afforded medical attention at the WCDC, just not all that he desired at the time.  The court concludes that, for the reasons stated in its Order dated July 24, 2008, and herein, plaintiff has failed to state sufficient facts to

---

[1] Plaintiff's "response" was late, despite the court having granted two continuances.  The continuances were based upon plaintiff's demonstrated difficulty in obtaining financial records to support his IFP motion.  No reason has been provided for plaintiff's delay in preparing and submitting his response to the court's order to supplement his complaint and show cause.  Nevertheless, the court has considered the "response" and updates filed by plaintiff.

[2] Plaintiff was transferred out of the WCDC to the EDCF, and was provided surgery by an outside surgeon.  He continues to recover from surgery at this time, and has recently notified the court of an apparent release from prison and treatment by his family physician.

support a claim of a federal constitutional violation.

Plaintiff was also required in the court's prior Order to provide documents in support of his Motion for Leave to Proceed in forma pauperis (Doc. 2), which he finally managed with some difficulty. These documents indicate that the average deposit in plaintiff's inmate account over the relevant six-month period was $50.18. Thus, the court could assess an initial partial filing fee in this matter of $10.00, which is twenty (20) percent of that amount. The court could also assess the remainder of the full fee of $350.00 against plaintiff. However, because it appears he is no longer in prison and this action is disposed of in this order, the court finds plaintiff's IFP motion is moot.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2009, at Topeka, Kansas.

                              s/Sam A. Crow
                              U. S. Senior District Judge